SUE P. FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634

NICOLE R. LEIBOW
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702-388-6336
Fax: (702) 388-6418
Nicole.Leibow@usdoj.gov

*Attorneys for the Federal Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAURA LEIGH and WILD HORSE EDUCATION<br><br>    *Plaintiffs*,<br><br>  v.<br><br>INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and KG MINING, INC.,<br><br>    *Defendants*. | ) Case No: 3:25-cv-00039-ART-CDS<br>)<br>)<br>)<br>)<br>) FEDERAL DEFENDANTS' ANSWER<br>) TO PLAINTIFFS' PETITION FOR<br>) REVIEW (ECF No. 1)<br>)<br>)<br>)<br>)<br>) |

Defendants Interior Board of Land Appeals ("Board"), the U.S. Department of the Interior ("Department"), and the Bureau of Land Management ("BLM") (collectively, "Federal Defendants") hereby respond to the allegations in Plaintiffs' Petition for Review ("Complaint"), ECF No. 1. The numbered and lettered paragraphs in this Answer correspond to the numbered and lettered paragraphs of the Complaint.

### JURISDICTION AND VENUE[1]

1.    The allegations of Paragraph 1 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

---

[1] The headings in the Answer correspond to the headings in the Complaint. Federal Defendants include them strictly to provide convenient reference to the Complaint and do not intend them to form any substantive part of Federal Defendants' Answer. To the extent the Complaint headings make substantive allegations, Federal Defendants deny those allegations.

2.      The allegations of Paragraph 2 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

3.      The allegations of Paragraph 3 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

**PARTIES**

4.      Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 4 and therefore deny them on that basis.

5.      Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 5 and therefore deny them on that basis.

6.      Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 6 and therefore deny them on that basis.

7.      Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 7 and therefore deny them on that basis.

8.      Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 8 and therefore deny them on that basis.

9.      Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 9 and therefore deny them on that basis.

10.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 10 and therefore deny them on that basis.

11.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 11 and therefore deny them on that basis.

12.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 12 and therefore deny them on that basis.

13.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 and therefore deny them on that basis.

14.     Federal Defendants admit the allegations in the first sentence of Paragraph 14. Federal Defendants admit that Ms. Leigh met with BLM Ely District Manager Robbie

McAboy in August 2022 but deny the remaining allegations in the second sentence of Paragraph 14.

15.     Federal Defendants lack sufficient information to admit or deny the allegations in the first sentence Paragraph 15 and therefore deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 15.

16.     Federal Defendants deny the allegations in Paragraph 16 and aver that the Board is one of the principal components of the Department of the Interior, Office of Hearings and Appeals ("OHA"). 43 C.F.R. § 4.1. OHA is an authorized representative of the Secretary of the Interior for the purpose of hearing, considering, and deciding matters within the jurisdiction of the Department involving hearings, appeals, and other review functions of the Secretary. *Id.* OHA may hear, consider, and decide those matters as fully and finally as might the Secretary, subject to any limitations on its authority imposed by the Secretary. *Id.* The Board decides finally for the Department appeals to the head of the Department from decisions rendered by Departmental officials relating to certain matters outlined in 43 C.F.R. § 4.1(b)(2), including the use and disposition of public lands and their resources.

17.     The allegations in Paragraph 17 purport to characterize the Wild Free-Roaming Horses and Burros Act ("WFRHBA"), the Mining Law of 1872, and the regulations at 43 C.F.R. § 3800 et seq., which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statutes and regulations.

18.     Federal Defendants admit the allegations in Paragraph 18.

### GENERAL ALLEGATIONS OF FACTS

**A. IBLA's Administrative Review Process**

19.     The allegations in Paragraph 19 purport to characterize the regulations at 43 C.F.R. § 4.410(a), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

20.     The allegations in Paragraph 20 purport to characterize the regulations at 43 C.F.R. § 4.410(b), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

21.     The allegations in Paragraph 21 purport to characterize the regulations at 43 C.F.R. § 4.410(d), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

22.     The allegations in Paragraph 22 purport to characterize a Ninth Circuit Court of Appeals opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the opinion.

23.     The allegations in Paragraph 23 purport to characterize a Board opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the opinion.

24.     The allegations in Paragraph 24 purport to characterize a Board opinion and a Supreme Court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the opinions.

25.     The allegations in Paragraph 25 purport to characterize several federal court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the opinions.

**B.  The Mine and Jupiter[2] Project**

26.     Federal Defendants admit the allegations in Paragraph 26.

27.     Federal Defendants admit the allegations in Paragraph 27.

---

[2] The Complaint uses the name "Jupiter Project" but the BLM analyzed and approved a plan of operations amendment for the Bald Mountain Mine – Juniper Project ("Juniper Project").

28.    Federal Defendants admit the allegations in Paragraph 28.

29.    Federal Defendants admit the allegations in Paragraph 29.

30.    Federal Defendants admit the allegations in Paragraph 30.

31.    Federal Defendants admit the allegations in Paragraph 31.

32.    Federal Defendants admit the allegations in Paragraph 32.

33.    Federal Defendants admit the allegations in Paragraph 33.

34.    Federal Defendants deny the allegations in Paragraph 34.

35.    Federal Defendants admit the allegations in Paragraph 35.

36.    Federal Defendants admit the allegations in Paragraph 36.

37.    Federal Defendants admit the allegations in Paragraph 37.

38.    Federal Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 38 and therefore deny them on that basis. Federal Defendants aver that wild horses are present in the Triple B Herd Management Area ("HMA"), which is over 1.2 million acres in size, but they freely move about within and outside the HMA so may not currently reside within the Juniper Project area. Federal Defendants admit the allegations in the second sentence of Paragraph 38, but aver that wild horses were removed from the Triple B Complex also because the BLM determined that the population was in excess in accordance with the WFRHBA and thus was required by statute to remove them. Federal Defendants admit the allegations in the third sentence of Paragraph 38, but aver that the BLM has removed over 14,000 wild horses from the Triple B Complex since the passage of the WFRHBA in 1971.

39.    The allegations in Paragraph 39 purport to characterize the contents of the BLM's Environmental Impact Statement ("EIS") for the Juniper Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

40.    Federal Defendants admit the allegations in Paragraph 40.

41.    The allegations in Paragraph 41 purport to characterize the contents of the BLM's Environmental Impact Statement ("EIS") for the Juniper Project, which speaks for

itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

42. Federal Defendants admit the allegations in Paragraph 42, but aver those comments consisted of 69 unique submittals, 300 copies of one form letter in support of the Juniper Project, six copies of a second form letter in support of the Juniper Project, and one duplicate comment.

43. The allegations in Paragraph 43 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.

44. The allegations in Paragraph 44 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.

45. The allegations in Paragraph 45 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.

46. The allegations in Paragraph 46 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the comments.

47. The allegations in Paragraph 47 purport to characterize the contents of the BLM's EIS for the Juniper Project, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

///

///

C. **The IBLA Case**

48.    The allegations in Paragraph 48 purport to characterize the National Environmental Policy Act ("NEPA") and the Council on Environmental Quality ("CEQ") regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute or regulations.

49.    Federal Defendants admit the allegations in Paragraph 49.

50.    Federal Defendants admit that Plaintiffs filed an appeal and a petition for stay with the Board regarding the BLM's approval of the Juniper Project. The remaining allegations in Paragraph 50 purport to characterize the contents of Plaintiffs' appeal and petition for stay, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the appeal and petition for stay.

51.    The allegations in Paragraph 51 purport to characterize the contents of Plaintiffs' appeal and petition for stay, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the appeal and petition for stay.

52.    Federal Defendants admit that the BLM and KG Mining, Inc. each filed a motion to dismiss the appeal with the Board in August 2024 and Plaintiffs filed responses. The remaining allegations in Paragraph 52 purport to characterize the contents of those documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the documents.

53.    Federal Defendants admit the allegations in the first sentence of Paragraph 53. The remaining allegations in Paragraph 53 purport to characterize the contents of the Board's September 23, 2024, order, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the order.

54.    The allegations in Paragraph 54 purport to characterize the contents of the Board's September 23, 2024, order, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the order.

## CLAIM FOR RELIEF

55.    Federal Defendants incorporate the responses from Paragraphs 1-54 herein.

56.    The allegations in Paragraph 56 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

57.    The allegations in Paragraph 57 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

58.    The allegations in Paragraph 58 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

59.    The allegations in Paragraph 59 constitute Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations on that basis.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' Complaint, denominated A through E, constitute Plaintiffs' request for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## <u>GENERAL DENIAL</u>

Federal Defendants deny each and every allegation of Plaintiffs' Complaint not otherwise expressly admitted, qualified, or denied herein. In addition, Federal Defendants hereby expressly reserve the right to plead any affirmative defenses, jurisdictional or

justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that it may determine apply to this case as litigation of such claims proceed.

### AFFIRMATIVE DEFENSES

1.  The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.  Plaintiffs lack standing to bring some or all of their claims and to obtain some or all of the relief sought.

3.  Plaintiffs have failed to allege facts that state a claim upon relief may be granted.

WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss Plaintiffs' Complaint, enter judgment for Federal Defendants, and grant Federal Defendants such other relief as may be appropriate.

Respectfully submitted this 26th day of March 2025.

SUE P. FAHAMI
Acting United States Attorney

*/s/ Nicole Leibow*
NICOLE R. LEIBOW
Assistant United States Attorney