PARSONS BEHLE & LATIMER
Jim Butler, Nevada Bar ID No. 8389
Ashley C. Nikkel, Nevada Bar ID No. 12838
50 West Liberty Street, Suite 750
Reno, NV 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
jbutler@parsonsbehle.com
anikkel@parsonsbehle.com

*Attorneys for Defendant*
*KG Mining (Bald Mountain) Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and KG MINING INC., <br><br> Defendants. | Case No. 3:25-CV-00039-ART-CSD <br><br> **DEFENDANT KG MINING (BALD MOUNTAIN) INC.'S ANSWER TO PETITION FOR REVIEW** |

Defendant KG Mining (Bald Mountain) Inc.[1] ("KG Mining"), by and through its attorneys of record, Jim B. Butler, Esq. and Ashley C. Nikkel, Esq., of the law firm Parsons Behle & Latimer, hereby responds to the Petition for Review [ECF 1] filed herein by Plaintiffs Laura Leigh and Wild Horse Education (collectively, "Plaintiffs").

KG Mining construes the paragraph on page 2, lines 1 through 10/11 as prefatory language and legal conclusions not requiring a response. To the extent a response is required, KG Mining admits that the Bureau of Land Management ("BLM") approved KG Mining's Juniper Project, Plaintiffs and Tammi Adams (not a party to this action) filed an appeal and a petition for stay with

---

[1] The Petition for Review names KG Mining Inc. as a Defendant in the action. No such corporate entity exists. KG Mining (Bald Mountain), Inc. holds the authorization for the Juniper Project and appeared as Intervenor in the underlying Interior Board of Land Appeals action.

PARSONS
BEHLE &
LATIMER

04870.050\4938-1509-6368.v3

1

the Interior Board of Land Appeals regarding the BLM's approval of the Juniper Project, and that Plaintiffs appeared *pro se* before the IBLA. KG Mining denies each of the remaining allegations.

## JURISDICTION AND VENUE[2]

1. The allegations of Paragraph 1 are legal conclusions that require no response. To the extent a response is required, KG Mining denies each of the allegations.

2. The allegations of Paragraph 2 are legal conclusions that require no response. To the extent a response is required, KG Mining denies each of the allegations.

3. The allegations of Paragraph 3 are legal conclusions that require no response. To the extent a response is required, KG Mining denies each of the allegations.

## PARTIES

4. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 4 and therefore denies them on that basis.

5. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 5 and therefore denies them on that basis.

6. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 6 and therefore denies them on that basis.

7. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 7 and therefore denies them on that basis.

8. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies them on that basis.

9. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 9 and therefore denies them on that basis.

10. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 10 and therefore denies them on that basis.

---

[2] The headings in this Answer correspond to the headings in the Petition for Review. KG Mining includes them to provide convenient reference and do not intend them to form any substantive part of its Answer. To the extent headings make substantive allegations, KG Mining denies those allegations.

11. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 11 and therefore denies them on that basis.

12. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 12 and therefore denies them on that basis.

13. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies them on that basis.

14. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies them on that basis.

15. KG Mining denies that the cumulative impacts associated with the Juniper Project will adversely affect the substantial recreational, aesthetic, and conservational interest of Wild Horse Education's members, volunteers, supporters, founder, and staff by impacting the Triple B Complex's wild horses, habitat, rangeland health, and water resources. KG Mining otherwise lacks sufficient information to admit or deny the allegations in Paragraph 15 and therefore denies them on that basis.

16. KG Mining denies the allegations in Paragraph 16 and avers that the Board is one of the principal components of the Department of the Interior, Office of Hearings and Appeals ("OHA"). 43 C.F.R. § 4.1. OHA is an authorized representative of the Secretary of the Interior for the purpose of hearing, considering, and deciding matters within the jurisdiction of the Department involving hearings, appeals, and other review functions of the Secretary. *Id.* OHA may hear, consider, and decide those matters as fully and finally as might the Secretary, subject to any limitations on its authority imposed by the Secretary. *Id.* The Board makes final decisions as outlined in 43 C.F.R. § 4.1(b)(2), including on matters related to the use and disposition of public lands and their resources.

17. The allegations in Paragraph 17 purport to characterize the Wild Free Roaming Horses and Burros Act ("WFRHBA"), the Mining Law of 1872, and the regulations at "43 C.F.R. § 3800" [sic] et seq., which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the statutes and regulations.

18. KG Mining admits the allegations in Paragraph 18 but avers that the entity that operates the Bald Mountain Mine is KG Mining (Bald Mountain), Inc., as an entity named KG Mining Inc. does not exist.

## GENERAL ALLEGATIONS OF FACTS

### A. IBLA's Administrative Review Process

19. The allegations in Paragraph 19 purport to characterize the regulations at 43 C.F.R. § 4.410(a), which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the regulations.

20. The allegations in Paragraph 20 purport to characterize the regulations at 43 C.F.R. § 4.410(b), which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the regulations.

21. The allegations in Paragraph 21 purport to characterize the regulations at 43 C.F.R. § 4.410(d), which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the regulations.

22. The allegations in Paragraph 22 purport to characterize a Ninth Circuit Court of Appeals opinion, which speaks for itself and is the best evidence of its contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the opinion.

23. The allegations in Paragraph 23 purport to characterize a Board opinion, which speaks for itself and is the best evidence of its contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the opinion.

24. The allegations in Paragraph 24 purport to characterize a Board opinion and a Supreme Court opinion, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the opinions.

25. The allegations in Paragraph 25 purport to characterize several federal court opinions, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the opinions.

B. **The Mine and the Jupiter[3] [sic] Project.**

26. KG Mining admits the allegations in Paragraph 26.

27. KG Mining admits the allegations in Paragraph 27.

28. KG Mining admits the allegations in Paragraph 28.

29. KG Mining admits the allegations in Paragraph 29.

30. KG Mining admits the allegations in Paragraph 30, but avers the proposed amendment only partially overlaps with the Triple B HMA.

31. KG Mining admits the allegations in Paragraph 31.

32. KG Mining admits the allegations in Paragraph 32.

33. KG Mining admits the allegations in Paragraph 33.

34. KG Mining denies the allegations in Paragraph 34.

35. KG Mining admits the allegations in Paragraph 35.

36. KG Mining admits the allegations in Paragraph 36.

37. KG Mining admits the allegations in Paragraph 37.

38. KG Mining lacks sufficient information to admit or deny the allegations in Paragraph 38 and therefore denies them on that basis.

39. The allegations in Paragraph 39 purport to characterize the contents of the BLM's Environmental Impact Statement ("EIS") for the Juniper Project, which speaks for itself and is the best evidence of its contents. KG Mining denies allegations inconsistent with the plain language, meaning, and context of the EIS.

40. The allegations in Paragraph 40 purport to characterize the contents of the BLM's EIS for the Juniper Project, which speaks for itself and is the best evidence of its contents. KG Mining denies allegations inconsistent with the plain language, meaning, and context of the EIS.

41. The allegations in Paragraph 41 purport to characterize the contents of the BLM's EIS for the Juniper Project, which speaks for itself and is the best evidence of its contents. KG Mining denies allegations inconsistent with the plain language, meaning, and context of the EIS.

---

[3] The Petition for Review erroneously refers to the "Jupiter Project." KG Mining's project at Bald Mountain is the *Juniper* Project.

42. KG Mining admits the allegations in Paragraph 42 but avers that those comments consisted of 69 unique submittals, 300 copies of one form letter in support of the Juniper Project, six copies of a second form letter in support of the Juniper Project, and one duplicate comment.

43. The allegations in Paragraph 43 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the comments.

44. The allegations in Paragraph 44 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the comments.

45. The allegations in Paragraph 45 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the comments.

46. The allegations in Paragraph 46 purport to characterize the contents of the Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the comments.

47. The allegations in Paragraph 47 purport to characterize the contents of the BLM's EIS for the Juniper Project, which speaks for itself and is the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the comments.

48. The allegations in Paragraph 48 purport to characterize the National Environmental Policy Act ("NEPA") and the Council on Environmental Quality ("CEQ") regulations, which speak for themselves and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the statute or regulations.

49. KG Mining admits the allegations in Paragraph 49.

50. KG Mining admits that Plaintiffs filed an appeal and a petition for stay with the Board regarding the BLM's approval of the Juniper Project. The remaining allegations in Paragraph 50 purport to characterize the contents of Plaintiffs' appeal and petition for stay, which speak for

1  themselves and are the best evidence of their contents. KG Mining denies any allegations
2  inconsistent with the plain language, meaning, and context of the appeal and petition for stay.

3       51.    The allegations in Paragraph 51 purport to characterize the contents of Plaintiffs'
4  appeal and petition for stay, which speak for themselves and are the best evidence of their contents.
5  KG Mining denies any allegations inconsistent with the plain language, meaning, and context of
6  the appeal and petition for stay.

7       52.    KG Mining admits that the BLM and KG Mining each filed a motion to dismiss the
8  appeal with the Board in August 2024 and Plaintiffs filed responses. The remaining allegations in
9  Paragraph 52 purport to characterize the contents of those documents, which speak for themselves
10 and are the best evidence of their contents. KG Mining denies any allegations inconsistent with the
11 plain language, meaning, and context of the documents.

12      53.    KG Mining admits the allegations in the first sentence of Paragraph 53. The
13 remaining allegations in Paragraph 53 purport to characterize the contents of the Board's September
14 23, 2024, Order, which speaks for itself and is the best evidence of its contents. KG Mining denies
15 any allegations inconsistent with the plain language, meaning, and context of the order.

16      54.    The allegations in Paragraph 54 purport to characterize the contents of the Board's
17 September 23, 2024, Order, which speaks for itself and is the best evidence of its contents. KG
18 Mining denies any allegations inconsistent with the plain language, meaning, and context of the
19 order.

**CLAIM FOR RELIEF**

**Administrative Procedure Act, 5 U.S.C. § 706(2)**

22      55.    KG Mining incorporates the responses from Paragraphs 1-54 herein.

23      56.    The allegations in Paragraph 56 purport to characterize the Administrative
24 Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. KG Mining
25 denies any allegations inconsistent with the plain language, meaning, and context of the statute.

26      57.    The allegations in Paragraph 57 purport to characterize the APA, which speaks for
27 itself and is the best evidence of its contents. KG Mining denies any allegations inconsistent with
28 the plain language, meaning, and context of the statute.

58. The allegations in Paragraph 58 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. KG Mining denies any allegations inconsistent with the plain language, meaning, and context of the statute.

59. The allegations in Paragraph 59 are legal conclusions, to which no response is required. To the extent a response is required, KG Mining denies the allegations on that basis.

KG Mining construes the paragraph on page 11, line 16/17 through 20/21 as additional allegations, and responds that the allegations contained therein are legal conclusions, to which no response is required. To the extent a response is required, KG Mining denies the allegations on that basis.

**PRAYER FOR RELIEF**

The remaining paragraphs of the Petition for Review (A through E, page 11, line 23 through page 12, line 8/9) are Plaintiffs' request for relief, to which no response is required. To the extent a further response is required, KG Mining denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

**GENERAL DENIAL**

KG Mining denies each and every allegation of Plaintiffs' Petition for Review not otherwise expressly admitted, qualified, or denied herein. KG Mining expressly reserves the right to plead any affirmative defenses, jurisdictional or justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that it may determine apply to this case as litigation of the claims proceed.

**AFFIRMATIVE DEFENSES**

KG Mining asserts the following affirmative defenses and reserves the right to amend this Answer as necessary to assert additional defenses that may become apparent during the course of this action.

**First Affirmative Defense**

The Court lacks jurisdiction over some or all of Plaintiffs' claims.

**Second Affirmative Defense**

Plaintiffs lack standing to bring some or all of their claims and to obtain some or all the relief sought.

**Third Affirmative Defense**

Plaintiffs have failed to allege facts that state a claim upon which relief may be granted.

* * *

WHEREFORE, having responded to Plaintiffs' Petition for Review, KG Mining respectfully requests that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss Plaintiffs' Petition for Review, enter judgment for KG Mining, and grant KG Mining such other relief as may be appropriate.

DATED this 7th day of April, 2025.

PARSONS BEHLE & LATIMER

By: /s/ Ashley C. Nikkel
Jim Butler, Nevada Bar ID No. 8389
Ashley C. Nikkel, Nevada Bar ID No. 12838
50 West Liberty Street, Suite 750
Reno, NV 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
jbutler@parsonsbehle.com
anikkel@parsonsbehle.com

*Attorneys for Defendant*
*KG Mining (Bald Mountain) Inc.*

04870.050\4938-1509-6368.v3

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of Parsons Behle & Latimer and that on the 7th day of April, 2025, I filed a true and correct copy of the foregoing document, **DEFENDAT KG MINING (BALD MOUNTAIN), INC.'S RESPONSE TO PETITION FOR REVIEW,** with the Clerk through the Court's CM/ECF system, which sent electronic notification to all registered users as follows:

Brent M. Resh, Esq.
Brent Resh Law, PLCC
2104 La Solana Way
Las Vegas, NV 89102
Email: brent@brentreshlaw.com

*Attorneys for Plaintiffs*

Jessica L. Blome, Esq.
J. Rae Lovko, Esq.
Greenfire Law, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Email: jblome@greenfirelaw.com
Email: rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

Sue Fahimi, Esq.
Nicole Leibow, Esq.
United States Attorney's Office
501 Las Vegas Blvd., Suite 1100
Las Vegas, NV 89101
Email: nicole.leibow@usdoj.gov

*Attorneys for Federal Defendants*

                                           */s/ Roni L. Shaffer*
                                   Employee of Parsons Behle & Latimer