SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264

NICOLE LEIBOW
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: Nicole.Leibow@usdoj.gov

*Attorneys for the Federal Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Laura Leigh, individually, and Wild Horse Education, a Non-Profit Corporation<br><br>Plaintiff,<br><br>v.<br><br>Interior Board of Land Appeals, United States Department of Interior, Bureau of Land Management, and KG Mining, Inc.,<br><br>Defendants. | Case No. 3:25-cv-00039-ART-CSD<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to this Court's Order, ECF No. 28, Fed. R. Civ. P. 16, and LR 16-1(c)(1), Plaintiffs Laura Leigh and Wild Horse Education (collectively as "Plaintiffs"), Federal Defendants Interior Board of Land Appeals ("Board"), the U.S. Department of the Interior, Bureau of Land Management ("BLM"), and Defendant KG Mining Inc. ("KG Mining"), (collectively "the Parties"), hereby submit this joint Case Management Report. Pursuant to such Order (ECF No. 28 at 2), undersigned counsel, lead counsel for Federal Defendants, lead counsel for Plaintiffs, and lead counsel for Defendant KG Mining conferred telephonically on April 15, 2025.

1. **Nature of the Case:** This case concerns an Order issued by the Board on September 23, 2024, dismissing Plaintiffs' appeal of the BLM's Decision Record for the Juniper Project, which was issued on July 8, 2024, and approved KG Mining's 2020 proposal to amend its plan of operations for the North Operations Area of the Bald Mountain Mine.

On August 8, 2024, Plaintiffs filed a Notice of Appeal, Petition for Stay, and Statement of Standing with the Board, which was received by the BLM on August 14, 2024. On August 26, 2024, the BLM responded to Plaintiffs' Petition for Stay and moved to dismiss the appeal for lack of standing. On the same day, the Board ordered Plaintiffs to file a response to the BLM's Motion to Dismiss, and Plaintiffs filed their response on August 29, 2024. On August 30, 2024, KG Mining, as proposed intervenor, filed a separate Motion to Dismiss Plaintiffs' appeal for lack of standing and responded to Plaintiffs' Petition for Stay. Plaintiffs filed a response to KG Mining's Motion to Dismiss on September 6, 2024. The Board approved KG Mining's request to intervene on September 10, 2024. On September 23, 2024, the Board dismissed Plaintiffs' appeal for lack of standing. The Board determined that Plaintiffs had not demonstrated that they had a legally cognizable interest that is substantially likely to be injured by the Juniper Project. *See* 43 C.F.R. § 4.410. On December 23, 2024, Plaintiffs filed a Petition for Review (Petition) in federal district court for the District of Nevada (ECF No. 1), seeking reversal of the IBLA's standing decision and remand to the IBLA with instructions to deny BLM's and KG Mining's motions to dismiss.

        a. **Plaintiffs' Claims**

Plaintiffs claim that the IBLA's Order dismissing their appeal for lack of standing was erroneous.

**First Cause of Action – Administrative Procedure Act, 5 U.S.C. § 706(2)**:

The IBLA's dismissal of Plaintiffs' appeal of the BLM decision for lack of standing was "(a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (d) without observance of procedure required by law; (e) unsupported by substantial evidence; and/or (f) unwarranted by the facts to the extent that the facts are subject to trial *de novo*."

///

///

///

2

### b. Federal Defendants' Defenses

Federal Defendants deny that Plaintiffs have pled cognizable claims and deny that Plaintiffs are entitled to any relief. Federal Defendants also assert that the District Court lacked jurisdiction over some or all of Plaintiffs' claims.

### c. KG Mining's Defenses

KG Mining denies that Plaintiffs have pled cognizable claims and deny that Plaintiffs are entitled to any relief. KG Mining also asserts that Plaintiffs lack standing and that the District Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. **Jurisdictional Bases for the Case:** This Court has subject matter jurisdiction over Plaintiffs' Petition under 5 U.S.C. §§ 704, 706; and 28 U.S.C. § 1331, 1361.

3. **Additional Parties:** The Parties do not expect to add additional parties to the case or otherwise amend the pleadings.

4. **Pending Motions:** There are no pending motions before the Court.

5. **Related Cases:** There are no related cases.

6. **Discovery:** The parties agree that this case will be resolved through judicial review of the IBLA's certified administrative record, and applicable federal rules and regulations. The Parties have conferred, and neither Plaintiffs nor Defendants intend to seek discovery. If any Party decides to alter from this plan and seek discovery, the Parties acknowledge that leave of the Court would be required. Local Rule 16-1(c)(1) provides that cases such as this one — "actions for review on an administrative record"— are to be "governed by the entry or an order establishing a briefing schedule and other appropriate matters[.]" Accordingly, as set forth in the concurrently submitted Proposed Scheduling Order, the Parties have agreed to a schedule for resolution of this action via cross-motions for summary judgment after submission of the administrative record by Federal Defendants. Moreover, to the extent Plaintiffs seek to rely on extra-record evidence, the Parties have agreed to a schedule for informal resolution or, if necessary, briefing of any record disputes.

7. **ESI:** This section is inapplicable to this case because this is a case for review on an administrative record.

1. 8. **Jury Trial:** This section is inapplicable to this case because this is a case for review on an administrative record.

2. 9. **Settlement:** Without waiver or prejudice to either party, the parties have communicated about settlement, but do not have prospects for a specific resolution. Accordingly, the parties do not request a settlement conference at this time, but they may revisit that possibility at a later date.

3. 10. **Magistrate Judge:** The Parties do not consent to a magistrate judge and would like to proceed before the district judge.

4. 11. **Bifurcation:** The Parties do not request bifurcation or phasing of the proceedings.

Respectfully submitted this 30th day of April 2025.

| | | |
|---|---|---|
| SIGAL CHATTAH<br>United States Attorney<br><br>/s/ Nicole R. Leibow<br>NICOLE R. LEIBOW<br>Assistant United States Attorney<br>501 Las Vegas Blvd. So., Ste. 1100<br>Las Vegas, NV 89109<br><br>*Attorneys for Federal Defendants* | **PARSON BEHLE & LATIMER**<br><br>/s/ Ashley C. Nikkel<br>ASHLEY C. NIKKEL<br>Nevada Bar No. 12838<br>JIM B. BUTLER<br>Nevada Bar No. 8389<br>50 W. Liberty St., Ste. 750<br>Reno, NV 8950<br>anikkel@parsonsbehle.com<br>jbutler@parsonsbehle.com<br><br>*Attorneys for Defendant KG Mining (Bald Mountain) Inc.* | **GREENFIRE LAW, PC**<br><br>/s/ Jessica L. Blome<br>JESSICA L. BLOME<br>(California Bar No. 314898, pro hac vice)<br>J. RAE LOVKO<br>(California Bar No. 208855, pro hac vice)<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>(510) 900-9502<br>jblome@greenfirelaw.com<br>rlovko@greenfirelaw.com<br><br>*Attorneys for Plaintiff* |