# EXHIBIT F4

# Petroleum Fuels Offshore, LLC, 189 IBLA 213 (2017)




# PETROLEUM FUELS OFFSHORE, LLC

189 IBLA 213                                                                                   January 17, 2017



United States Department of the Interior

Office of Hearings and Appeals
Interior Board of Land Appeals
801 N. Quincy St., Suite 300
Arlington, VA 22203

703-235-3750                              703-235-8349 (fax)

PETROLEUM FUELS OFFSHORE, LLC

IBLA 2016-114                                                                 January 17, 2017

    Appeal from and petition to stay the effect of the Bureau of Ocean Energy Management's December 30, 2015, Order concerning supplemental financial assurances to cover the cost of decommissioning offshore oil and gas pipeline infrastructure.

    Set aside and remanded.

    1.    Rules of Practice: Statement of Reasons

    Failure to file a statement of reasons subjects an appeal to summary dismissal. We will not dismiss an appeal when an appellant does not file a separate statement of reasons but has identified reasons for its appeal in a stay petition.

    2.    Administrative Procedure: Administrative Record

    The Board properly sets aside and remands a bureau decision when the bureau does not provide the administrative record for the decision being appealed. Without an administrative record, the Board is precluded from meaningfully reviewing the basis and the rational of the decision on appeal.

APPEARANCES:   J. Reid Bumgarner, Bellaire, Texas, for appellant; Stephen Vorkoper, Esq., Office of the Solicitor, U.S. Department of the Interior, Washington, D.C., for the Bureau of Ocean Energy Management.

289 IBLA 213

IBLA 2016-114

OPINION BY CHIEF ADMINISTRATIVE JUDGE JONES

*Summary*

We will set aside a Bureau of Ocean Energy Management (BOEM) decision and remand the matter back to BOEM when the bureau fails to transmit to us the administrative record (AR) because lack of an AR makes it impossible for the Board to determine whether the order has a rational basis that is supported by the record. In this case, BOEM ordered appellant to provide supplemental bonding for two pipeline rights-of-way (ROWs), but did not transmit to us the AR. Because we cannot determine whether BOEM's Order has a rational basis that is supported by the record, we must set it aside and remand the matter back to BOEM.

*Background*

Appellant has appealed from and petitioned to stay the effect of a December 30, 2015, BOEM Order. In its Order, BOEM identified two Federal pipeline ROWs and briefly described their respective lengths, diameters, and purposes. Based on those pipeline descriptions, BOEM determined that appellant's existing financial assurances for covering the cost of decommissioning those ROWs were insufficient. Accordingly, BOEM ordered appellant to post supplemental bonds in the amount of $3,675,000.

Appellant filed a notice of appeal and petition to stay BOEM's Order. Because of the parties' ongoing attempts to settle this matter, on June 8, 2016, the Board temporarily suspended appellant's appeal and stayed the effectiveness of BOEM's Order until August 8, 2016.[1] The parties did not seek to further suspend this matter and therefore the appeal returned automatically to the Board's active docket on August 9, 2016.[2] In accordance with our June 8, 2016, Order, BOEM was to transmit the AR to the Board by September 7, 2016, and appellant was to file its statement of reasons by October 7, 2016.[3]

To date, we have not received the AR or appellant's statement of reasons in support of its appeal. Neither party has moved for an extension of time to comply with our Order.

---

[1] *See* Order dated June 8, 2016.
[2] *See id*.
[3] *Id.*

189 IBLA 214

IBLA 2016-114

*We Will Not Summarily Dismiss this Appeal*

[1]   Failure to file a statement of reasons subjects an appeal to summary dismissal.[4]   We have held, however, that the Board will not dismiss an appeal when an appellant's stay petition provides arguments concerning why the decision on appeal is in error.[5]   Here, appellant filed a stay petition along with its notice of appeal.   In that petition, appellant presents two arguments regarding why it should prevail on the merits:   the bond amounts are excessive and the bonds are unnecessary because appellant is preparing to decommission the ROWs.[6]   Because appellant has stated reasons for its appeal, we will not summarily dismiss this appeal.

*Because BOEM Did Not Provide the Administrative Record,*
*We Cannot Determine Whether BOEM's Decision Has a Rational Basis*
*That Is Supported by the Record*

[2]   When exercising discretionary decision making authority, a bureau's decision must have a rational basis that is supported by the record.[7]   Here, BOEM has not transmitted to us the AR.[8]   While BOEM's Order may be based on a rational decision making process, without a "complete administrative record"[9] that allows the Board to meaningfully review the data upon which BOEM relied for its supplemental bond determination, it is not possible to discern whether BOEM's decision has a rational basis that is supported by the record.[10]   We must therefore set aside BOEM's Order and remand the matter back to the bureau.

---

[4]   43 C.F.R. §§ 4.402(a), 4.412(c).

[5]   *David J. Bartoli*, 147 IBLA 284, 287 (1999).

[6]   *See* Petition for Stay Pending Appeal at 6-7.

[7]   *See, e.g.*, *Conn Energy*, 189 IBLA 51, 68 (2016); *Statoil Gulf of Mexico, LLC,* 178 IBLA 244, 257 (2009).

[8]   43 C.F.R. § 4.411(d)(3) (requiring BOEM to forward to the Board the "[c]omplete administrative record compiled during [BOEM's] consideration of the matter leading to the decision being appealed").

[9]   *Id.*; *see also* Order dated June 8, 2016.

[10]   *See Robert B. Kaplan,* 187 IBLA 121, 128-29 (2016); *Craig Monpas*, 178 IBLA 101, 106 (2009) ("When it is not possible to determine whether the data upon which a cost estimate is based were supported by the record, the Board will set that decision aside.").

189 IBLA 215

IBLA 2016-114

      Accordingly, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior,[11] we set aside BOEM's Order, remand the matter back to the bureau, and deny appellant's petition for stay as moot.

                                                      /s/
                                                Eileen Jones
                                                Chief Administrative Judge

I concur:

/s/
Amy B. Sosin
Administrative Judge

---

[11] 43 C.F.R. § 4.1.