# EXHIBIT F12

# Oregon Natural Resources Council, 78 IBLA 124 (1983)

OREGON NATURAL RESOURCES COUNCIL

IBLA 84-109                                                          Decided December 27, 1983

      Appeal from a decision of the Oregon State Office, Bureau of Land Management, denying protest of public land sale. OR 1840(833).

      Dismissed.

    1.    Appeals: Standing-Rules of Practice: Appeals: Dismissal -- Rules of Practice: Appeals: Dismissal -- Rules of Practice: Appeals: Standing to Appeal

        Where, in its statement of reasons for appeal, appellant fails to allege a cognizable interest which has been adversely affected, appellant will be considered to lack standing, and the appeal will be dismissed.

    2.    Administrative Procedure: Administrative Review -- Appeals -- Board of Land Appeals -- Federal Land Policy and Management Act of 1976: Land Use Planning -- Federal Land Policy and Management Act of 1976: Sales -- Rules of Practice: Appeals: Generally

        BLM classifications of land as suitable for disposition by public sale are not subject to appeal to the Board of Land Appeals. Likewise, BLM's dismissal of a protest against a resource management plan is not appealable to the Board. In each instance, other provisions for agency review have been made by regulations.

APPEARANCES: Andy Kerr, Oregon Natural Resources Council, Eugene, Oregon, for appellant; Eugene A. Briggs, Esq., Office of the Regional Solicitor, Pacific Northwest Region, for Bureau of Land Management.

OPINION BY ADMINISTRATIVE JUDGE STUEBING

      Oregon Natural Resources Council appeals from a September 30, 1983, decision of the Oregon State Office, Bureau of Land Management (BLM), denying its protest of a proposed sale of 44 isolated parcels of public land, totaling 3173.58 acres and scattered throughout Oregon. It opposes such sale

78 IBLA 124

IBLA 84-109

because, it argues, BLM has failed to comply with several requirements of the Federal Land Policy and Management Act and the National Environmental Policy Act.

BLM, in its answer to appellant's statement of reasons, directs attention to a lack of explanation regarding how Oregon Natural Resources Council would be adversely affected by the decision. We therefore examine and address the issues surrounding appellant's standing to appeal to this Board.

[1] There are two separate and discrete prerequisites to prosecution of an appeal before this Board: (1) that the appellant be a "party to the case," and (2) that the appellant be "adversely affected" by the decision appealed from. See 43 CFR 4.410. Denial of a protest makes an individual a party to a case. Such a denial, however, does not necessarily establish that an individual is adversely affected. Rather, an unsuccessful protestant must show that a legally recognizable "interest" has been adversely affected by denial of the protest. In Re Pacific Coast Molybdenum Co., 68 IBLA 325 (1982).

Our concern with this appeal is whether Oregon Natural Resources Council has pleaded a recognizable interest which has been adversely affected by the decision. While standing to appeal cannot depend on the party's subjective determination of its own interests, nevertheless the existence of standing may be present where at least colorable allegations of injury exist. California State Lands Commission, 58 IBLA 213 (1981).

Although determinations of judicial standing are not strictly relevant to a discussion of administrative standing under the respective procedural regulations, they may provide a useful guide as to the types of interests which are properly considered in adjudicating administrative appeals. In Re Pacific Coast Molybdenum Co., supra. A keystone in a discussion of standing is Sierra Club v. Morton, 405 U.S. 727 (1972), the Supreme Court's pronouncement on the subject. With respect to its review of the standing issue in that case, the Court declared that "mere 'interest in a problem', no matter how longstanding the interest and no matter how qualified the organization is in evaluating that problem is not sufficient by itself." Id. at 739. It upheld the dismissal of a suit by a party who had declared itself to represent the public interest and rejected the attempt to substitute concern with the subject for the concrete injury required by the procedural authority conferring the right to seek review. Id. at 739-741. 1/ The "injury in fact" test applied requires that the party seeking review be among the injured. Id. at 735.

---

1/ The procedural authority reviewed in Sierra Club v. Morton, supra, was section 10 of the Administrative Procedure Act, 5 U.S.C. § 702 (1970), which provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."
  The language found in 43 CFR 4.410, at issue here, can be compared favorably to that reviewed by the Court: "Any party to a case who is adversely affected by a decision * * * shall have a right to appeal to the Board." (Emphasis added.)

78 IBLA 125

IBLA 84-109

In <u>Phelps Dodge Corp.</u>, 72 IBLA 226 (1983), the appellant failed to allege an aggrieved interest. After pondering the interest inferred, the Board dismissed the appeal, as follows:

> Phelps Dodge has asserted no right, title, claim or interest in the subject lands, nor any use of them which will be adversely affected by the action complained of. The Board will not indulge in conjecture concerning the reasons for appellant's concern. Having failed to show or even allege in its statement of reasons that it has been adversely affected in some cognizable fashion, Phelps Dodge Corporation must be regarded as lacking standing to appeal. <u>Sierra Club</u> v. <u>Morton</u>, 405 U.S. 727 (1972); <u>Hal V. Carlson, Jr.</u>, 62 IBLA 305 (1982); <u>State of Alaska</u>, 58 IBLA 118 (1981).

<u>Id</u>. at 228. <u>See</u> <u>also</u> <u>In Re Otter Slide Timber Sale</u>, 75 IBLA 380, 386 (1983) (concurring opinion).

The purpose of the land sale to be conducted by BLM, as set forth in its materials providing notice of the sale, is to "dispose of scattered and isolated tracts that are difficult and uneconomic to manage as part of BLM lands." BLM, in its answer, addressed the character of the land in question as follows:

> The first-quarter sale total of 44 parcels, aggregating 3,184 acres, is an average of 72 acres per parcel. Each parcel is surrounded by privately owned land and is now used in conjunction with the usage of private land. Sale of any or all of these parcels is significant only if a particularly prominent land feature were to be sold. There is no allegation of proposed sale of a significant land feature, and we are aware of none. To the contrary, the BLM has considered each potential sale, in an environmental assessment, and has concluded that there would be no significant impact from sale of the tracts. There is no cumulative effect, because the tracts are scattered, not a solid bloc, and usage of the tracts is expected to be integrated with the usage on surrounding land.

As with the parties seeking review in <u>Phelps Dodge Corp.</u>, <u>supra</u>, and <u>Sierra Club</u> v. <u>Morton</u>, <u>supra</u>, Oregon Natural Resources Council has neither shown nor alleged injury to a cognizable interest. Its appeal evinces nothing more than a deep concern in the issues surrounding the proposed land sale. Thus, its appeal is not properly before us and must be dismissed. Our disposition is not a declaration that appellant is not qualified to discuss the issues, but is merely the conclusion that it has failed to display the prerequisite interests to qualify it to invoke the appellate review processes of this Department.

[2] Moreover, appellant appears to be attacking BLM's classification of the land as suitable for disposition by public sale pursuant to statutory

78 IBLA 126

IBLA 84-109

authority, supra, as well as the resource planning process 2/ which provided the impetus for such classification.

The Board of Land Appeals has no jurisdiction over the review of land classification actions. The Department has, by regulation, provided an alternative procedure for administrative review of classification for disposal, at 43 CFR 2462.3.

Similarly, protests against a resource management plan (or revision thereof) are accorded administrative review only in conformity with the procedures prescribed by 43 CFR 1601.6-1. Here, too, the Board of Land Appeals is without jurisdiction. Cf. In Re Lick Gulch Timber Sale, 72 IBLA 261, 317 n.44 (1983). Inasmuch as BLM is relying on its "management framework plan" in lieu of a completed "resource management plan," we hold that the same procedure for administrative review applies.

We are mindful that BLM, in its decision, informed appellant of a right to appeal to the Board. However, the Board of Land Appeals is the arbiter of its jurisdiction, and neither employees of BLM nor attorneys of the Solicitor's Office may create or deny the right of appeal to the Board. Phelps Dodge Corp., supra; Texas Oil and Gas Corp., 58 IBLA 175, 88 I.D. 879 (1981). While the prerequisites to an acceptable appeal, as noted above, are clearly set forth in the regulations, issues concerning an appellant's standing to bring an appeal, or the Board's jurisdiction over the subject matter, remain for the Board to determine.

Therefore, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 CFR 4.1, the appeal is dismissed.

                                                              _____
                                                              Edward W. Stuebing
                                                               Administrative Judge

We concur:

_____            _____
James L. Burski  Bruce R. Harris
Administrative Judge                                  Administrative Judge

_____
2/ No "resource management plan," as described in 43 CFR Part 1600, has been completed in Oregon. In lieu thereof, BLM has proceeded on the basis of its "management framework plan," as it is authorized to do in the interim by 43 CFR 1601.8.

Case 3:25-cv-00039-ART-CSD    Document 44-19    Filed 08/29/25    Page 6 of 6