SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar No. 8264
NICOLE R. LEIBOW
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6533
Email: Nicole.Leibow@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Laura Leigh, individually, and Wild Horse Education, a Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Interior Board of Land Appeals, United States Department of Interior Bureau of Land Management, and KG Mining, Inc.,<br><br>Defendants. | Case No. 2:23-cv-00397-MMD-EJY<br><br>**Federal Defendants' Response to Plaintiffs' Motion for Judicial Notice (ECF No. 44)** |

Defendants Interior Board of Land Appeals ("Board"), the U.S. Department of the Interior ("Department"), and the Bureau of Land Management ("BLM") (collectively, "Federal Defendants") object, in part, to Plaintiffs' Laura Leigh and Wild Horse Education's Motion for Judicial Notice, ECF No. 44 ("motion") in this case filed under the Administrative Procedure Act, 5 U.S.C.§ 701 *et seq.* ("APA").

**Memorandum of Points and Authorities**

**I.     Introduction**

Plaintiffs' motion for judicial notice should be denied. Plaintiffs waived their judicial notice arguments by not raising them on or before July 14, 2025: the date designated in the Court's Scheduling Order "to notify Federal Defendants of any concerns with the AR." *See Order* at 2:3-4 (ECF No. 40). Plaintiffs should not be permitted to flout the clear deadlines set forth in a Court Order. Nevertheless, Federal Defendants do not object to this Court

taking judicial notice of the draft and final Environmental Impact Statement ("EIS") for the Juniper Project, nor do they object to the IBLA Decision and Orders listed on pages five through six of Plaintiffs' motion.[1] Federal Defendants contend, however, that the remaining three documents constitute extra-record evidence, and that Plaintiffs have not even attempted to meet their heavy burden of explaining that the proffered documents qualify for the limited exceptions to the record review rule established by the Ninth Circuit. As such, Federal Defendants oppose Plaintiffs' request for this court to judicially notice the facts contained in excerpts from (1) the Antelope and Triple B Complexes Gather Plan Final Environmental Assessment (2017); (2) the Wild Horses and Burros Management Handbook, H-4700-1 (2010); and (3) a BLM public announcement entitled "Bureau of Land Management to begin the FY2022 Triple B Complex Wild Horse Gather" (July 11, 2022).

## II.  Background

On July 8, 2024, the BLM issued a Record of Decision ("Decision") that approved the expansion of KG Mining Inc.'s plan of operations, known as the Juniper Project. *See* AR_026-076. Before rendering its Decision, the BLM prepared a draft EIS pursuant to the National Environmental Policy Act ("NEPA") and its implementing regulations. *See* AR_253 (citing 40 C.F.R. pts. 1500-1508 (Council on Environmental Quality's NEPA regulations); 43 C.F.R. pt. 46 (Department of the Interior's NEPA regulations)). The draft EIS addressed the potential environmental impact of the mine's expansion, including its effect on the wild horse and burro populations living in the project area. *See* AR_142, FN 1. The draft EIS was released for public comment and then revised and released as the final

---

[1] Federal Defendants do not object to Plaintiffs' request for this Court to take judicial notice of the cited facts contained in the Juniper Project Draft EIS and the Juniper Project Final EIS. The IBLA cited to both documents in its Order dismissing Plaintiffs' appeal on September 23, 2024. *See* AR_252-53. In addition, hyperlinks to both documents were included in KG Mining's and the BLM's respective motions to dismiss. AR_167, FN. 1; AR_142, FN 1. Because the draft and final EIS were already incorporated by reference into the certified administrative record, and were before the IBLA, Federal Defendants do not object to the Court's taking judicial notice of them.

Similarly, Federal Defendants do not object to Plaintiffs' request for judicial notice of the IBLA Orders and Decisions listed on pages 5-6 of their motion. *See Pl. Mot.* at 5-6 (ECF No. 44). Plaintiffs are free to cite to any IBLA Order or Decision in their summary judgment motion.

EIS. *Id.* On July 8, 2024, the BLM, relying on the final EIS, approved the Juniper Project. AR_026-076. On August 12, 2024, Plaintiffs appealed the Decision to the Board and petitioned to stay the effect of the BLM's decision on the Juniper Project. AR_001-020. On August 26, 2024, the BLM moved to dismiss Plaintiffs' appeal and requested that their petition be denied based on lack of standing. AR_141. On August 30, 2024, KG Mining Inc., as a proposed intervenor, also moved to dismiss Plaintiffs' appeal for lack of standing and opposed their petition for stay. AR_166. On September 23, 2025, the IBLA agreed with the BLM and KG Mining Inc. regarding their assertions on standing. AR_252. The IBLA concluded that it lacked jurisdiction over the appeal because Plaintiffs had failed to show that they had standing to bring it. *Id.* Specifically, the IBLA concluded that neither Laura Leigh nor Tammi Adams[2] had shown a legally cognizable interest substantially likely to be injured by the Juniper Project as required by 43 C.F.R. § 4.410(d)[3] because they had not visited the Juniper Project area itself. AR_256-57. Because of this failure to show a legally cognizable interest, WHE, by extension could not establish representational standing. *Id.* On December 24, 2025, Plaintiffs filed a petition for review in federal district court for the District of Nevada. *See Pl. Pet. for Rev.* ("complaint") (ECF No. 1). The complaint, however, challenged only the IBLA's determination on whether Plaintiffs had standing to appeal the BLM's Decision — not any of the underlying environmental claims concerning BLM's approval of the Juniper Project. *See id.*

On April 30, 2025, the parties submitted to the court a proposed schedule for briefing and lodging of an administrative record in lieu of discovery. (ECF No. 39.) During a meet and confer, the parties agreed that the deadline to file the certified administrative record would be June 30, 2025. The parties agreed that Plaintiffs and KG Mining would "notify Federal Defendants of any concerns with the AR *including whether and why they*

---

[2] Laura Leigh is a plaintiff in this action, but Tammi Adams is not.
[3] Citations to the IBLA regulations are to those that were in effect before July 21, 2025, which is when the Office of Hearings and Appeals adopted new regulations.

3

*believe that the filed AR is not an accurate and complete copy of the administrative record for this matter, and/or the grounds and details for any proposed supplementation of the AR*" on or before July 14, 2024. *Order* at 2:3-6 (ECF No. 40) (emphasis added).

On July 14, 2025, Plaintiffs emailed the undersigned that they had "looked at the administrative record filed on 06/26/25 and agree[d] that it [was] complete." *See* July 14, 2025, Email from Rae Lovko to Nicole Leibow, attached as Exhibit 1. On August 1, 2025—eighteen days after the expiration of the deadline to challenge the AR—the undersigned received an email from Plaintiffs alleging that "[t]he administrative record does not contain any of the NEPA review documents. For purposes of describing the project and its scope, Plaintiffs will likely need to briefly reference some content in the final environmental impact statement. (Shouldn't be extensive since the *only issue is standing/geographic nexus."*). *See* August 1, 2025, Email from Rae Lovko to Nicole Leibow, attached as Exhibit 2 (emphasis added). Plaintiffs asked the undersigned whether Federal Defendants would object to Plaintiffs' asking the court to "judicially notice the documents for [describing the project and its scope]." *Id.* Federal Defendants objected to the request because it was made after the deadline to address the AR had passed and the NEPA documents were not germane to the issue before the Court: whether the IBLA's Order correctly determined that Plaintiffs lacked standing to appeal the BLM's Decision.[4] *Id.*

On August 29, 2025, Plaintiffs filed the present motion asking this Court to take judicial notice of excerpts from five documents: (1) the Antelope and Triple B Complexes Gather Plan Final Environmental Assessment (2017) (hereinafter "Triple B Gather Plan Final Environmental Assessment (2017);" (2) the Bald Mountain Mine Plan of Operations Amendment Juniper Project Draft Environmental Impact Statement (2023) (hereinafter "Juniper Project Draft EIS"); (3) the Bald Mountain Mine Plan of Operations Amendment

---

[4] Although the IBLA did not rely on the NEPA review documents in rendering its decision to dismiss the appeal, it also cited to them, along with their web address, as part of the "Background." *See* AR-252-53.

Likewise, in their respective motions to dismiss Plaintiffs' appeal and petition to stay, KG Mining, Inc. and the BLM hyperlinked to the NEPA review documents. AR_167, FN. 1; AR_142, FN 1.

4

Juniper Project Final Environmental Impact Statement (2024) (hereinafter "Juniper Project Final EIS"); (4) an excerpt from Wild Horses and Burros Management Handbook, H-4700-1 (2010) (hereinafter "Handbook"); and (5) a BLM public announcement entitled "Bureau of Land Management to begin the FY2022 Triple B Complex Wild Horse Gather" (July 11, 2022) (hereinafter "2022 BLM announcement"). *See Pl. Not. of Mot. for Jud. Rev.* at 2:4-10 (ECF No. 44). Plaintiffs also requested "judicial notice of various IBLA decisions and orders." *Id.*

Plaintiffs' request, however, is untimely. As evidenced by the Scheduling Order, Plaintiffs had ample opportunity to challenge the filed AR. ECF No. 40. Under the terms of the Order, any motion requesting to supplement the AR had to have been filed by August 8, 2025, after meeting and conferring with Federal Defendants to attempt to resolve the issue without court intervention. Plaintiffs' motion should therefore be denied.

**III.  Argument**

    **a.  Plaintiffs have waived their judicial notice arguments**

Because Plaintiffs failed to raise their judicial notice arguments by the appropriate deadlines, they should be waived and their motion dismissed. *See, e.g.*, *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) (finding that "[a]party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue" but chooses not to); *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (concluding that argument was waived where the party "had ample opportunity to make [the] argument . . . and failed to do so").

On April 30, 2025, the parties submitted to the court a proposed schedule for briefing and lodging of an AR in lieu of discovery. ECF No. 39. During the meet and confer, the parties agreed that the deadline to file the certified administrative record would be June 30, 2025. The parties also agreed to include time in the proposed scheduling order to resolve issues over the AR prior to briefing the merits of the case. The deadlines regarding the AR are set forth below:

- **June 30, 2025:** Federal Defendants will file and serve the AR.
- **July 14, 2025:** Plaintiffs and KG Mining shall notify Federal Defendants of any concerns with the AR including whether and why they believe that the filed AR is not an accurate and complete copy of the administrative record for this matter, and/or the grounds and details for any proposed supplementation of the AR.
- **July 25, 2025**: The Parties shall confer about any issues raised as to the AR and they will attempt to resolve such issues.
- **August 8, 2025:** If there remain any unresolved issues about the AR, Plaintiffs and/or KG Mining will file a motion to complete or supplement the AR.[5] If any party files a motion related to the AR, then the merits briefing schedule below will be vacated. Within 14 days of the Court's decision on any motion related to the AR, the parties will submit a revised merits briefing schedule. If the parties do not file a motion related to the AR, then the parties shall proceed with the merits briefing schedule below.

ECF No. 40.

The Scheduling Order outlined the steps that Plaintiffs should have taken had they determined that the AR was incomplete, which included, as a prerequisite to court intervention, an attempt to resolve such concerns with Federal Defendants. *Id.* Only after the parties failed to resolve to their disagreement over the AR were Plaintiffs to allowed to file a motion to supplement or complete the AR by August 8, 2025. *See id*. The parties recognized that any motion practice concerning the AR would necessitate a revised merits briefing schedule. Instead, Plaintiffs seek to supplement the record through a motion for judicial notice, filed simultaneously with their motion for summary judgment.

Plaintiffs should not be permitted to resurrect arguments that should have been made by motion a month ago, prior to the beginning of summary judgment briefing. Plaintiffs have abandoned the negotiated terms of the proposed scheduling order, which was adopted by the Court and governs the conduct of the parties. Plaintiffs' belated motion violates a Court Order and inconveniences Federal Defendants by requiring them to engage in motion practice during the merits briefing stage. As such, their motion should be denied.

/ / /

---

[5] Any such motion can seek consideration only of documents that Plaintiffs or KG Mining identified to Federal Defendants during the AR conferral process set forth above.

### b. The excerpts from the Triple B Gather Plan Final Environmental Assessment (2017), the Handbook, and the 2022 BLM announcement constitute extra-record evidence.

Under the APA, the scope of a court's review of federal agencies' administrative actions is confined to the administrative record. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 709-15 (1963); *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1193-94 (9th Cir. 2000) (holding that APA review standards apply unless a statute expressly indicates a contrary intent). This is because, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *see also Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 997 n. 3 (9th Cir. 2013) ("As we have pointed out, '[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its judgment for that of the agency.'") (citation omitted); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014) ("Our review is limited to "the administrative record already in existence[.]'") (citation omitted).

An untimely attempt to supplement the record cannot be saved by couching the request as a motion for judicial notice. *See Rybachek v. U.S. E.P.A.*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (construing a request for judicial notice as a motion to supplement the record and rejecting the motion because "[j]udicial review of agency actions should generally be confined to the original record upon which the actions were based") (citations omitted); *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019) ("a party cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation.") (citation omitted); *see also Sierra Club v. Clinton*, 746 F. Supp. 2d 1025, 1035-36 (D. Minn. 2010) (denying request to take judicial notice of a document outside the relevant administrative record); *Murakami v. United States*, 46 Fed. Cl. 731, 739 (2000) ("[D]iscretion to take judicial notice must be exercised sparingly lest Rule

7

201 [allowing judicial notice] be wielded to create an exception that would envelop the established procedures for conducting arbitrary and capricious review.").

Plaintiffs' motion for judicial review improperly asks the Court to expand its scope of review beyond the administrative record, in contravention of the APA. They contend that the Triple B Gather Plan Final EIS (2017), the Handbook, and the 2022 BLM Announcement "are relevant in establishing the impact of the [Juniper Project] on wild horses, which is a component of Plaintiffs' standing before this Court and the IBLA." *Pl. Mot.* at 3:9-10 (ECF No. 44). Specifically, with respect to the Final EIS from 2017, Plaintiffs allege that it is "relevant to understanding the scope of the impacted area of the [Juniper] Project." *Id.* at 4:2-3. Likewise, Plaintiffs argue, the Handbook also "is relevant to understanding the impact of the [Juniper] Project's removal of approximately 4,000 acres from the Triple B Complex" and address "standing before this Court and the IBLA." *Id.* at 5:5-9. Finally, Plaintiff states the 2022 BLM Announcement "is relevant to show the scope of the impacted area of the [Juniper] Project." *Id.* at 5:14-15.

Plaintiffs could have relied on the facts of which they now request the court take judicial notice had they cited to them in their complaint. Instead, Plaintiffs raised only one conclusory claim: that the IBLA's dismissal of their appeal was based on an erroneous interpretation the IBLA's own standing regulations under 43 C.F.R. § 4.410(d). *See generally Compl.* (ECF No. 1). The Order specified that Plaintiffs could have shown that they would have been "adversely affected by the [Juniper Project]" if they had visited the project area, rather than the neighboring HMAs encompassing roughly "2,059,987 acres." AR_254, 257. "[T]he Juniper Project affects approximately 4,000 acres, a small fraction of that." AR_257. Plaintiffs were free to contest the IBLA's decision with the extra-record evidence for which they now seek judicial notice in their complaint under the APA in federal district court. The court should not indulge their belated, improper attempt to bolster their case by recovering arguments that they have now forfeited.

/ / /

  **c. None of the exceptions to the record review rule apply**

Finally, Plaintiffs have not met their heavy burden to show that the excerpts from the Triple B Gather Plan Final Environmental Assessment (2017), the Handbook, and the 2022 BLM announcement meet any of the narrowly circumscribed exceptions to the record review rule outlined by the Ninth Circuit. The Ninth Circuit has identified four stringent exceptions to record review:

> In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Lands Council*, 395 F.3d at 1030 (citations omitted). Courts are insistent that a party seeking to avail itself of one of the exceptions must show not only that one of the exceptions apply, but also that the agency's administrative record is inadequate to allow for effective judicial review. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975-76 (9th Cir. 2006) (affirming denial of judicial notice where no record review exception applied); *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 130 n.6 (2010) (noting that while a "report may qualify for judicial notice . . . this does not exempt plaintiff from having to meet the independent requirements for supplementation of the administrative record").

Plaintiffs have not shown — nor even made any attempt to show — that any of the exceptions apply. Nor do any of the exceptions apply. Plaintiffs' complaint raises only one claim: that the IBLA failed to recognize that Plaintiffs had standing to appeal the BLM's decision. *See generally Compl.* (ECF No. 1). As such, the complaint is a simple challenge to agency action under the APA, and no technical terms or complex subject matter are necessary for effective judicial review. Although the IBLA referenced the NEPA documents as part of the procedural history of the case, the decision itself was based entirely on Plaintiffs' briefing and declarations, which failed to show the requisite standing elements.

*See* AR_252-259. Plaintiffs have not made a showing of agency bad faith. As a result, Plaintiffs have not met their heavy burden to show that any of the exceptions to record review apply, and their request to smuggle them in through judicial notice should be denied.

## IV.    Conclusion

Based on the above, Federal Defendants respectfully request that the Court deny Plaintiffs' request to judicially notice the following three documents: (1) Triple B Gather Plan Final Environmental Assessment (2017); (2) the Handbook; and (3) the 2022 BLM announcement as they all constitute extra-record evidence. Federal Defendants do not object to the Court's taking judicial notice of the remaining documents.

Respectfully submitted this 12th day of September 2025.

SIGAL CHATTAH
Acting United States Attorney

 */s/ Nicole R. Leibow*
NICOLE R. LEIBOW
Assistant United States Attorney