TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

NICOLE R. LEIBOW
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Nicole.Leibow@usdoj.gov

*Attorneys for the Federal Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Laura Leigh, individually, and Wild Horse Education, a Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Interior Board of Land Appeals, United States Department of the Interior Bureau of Land Management, and KG Mining, Inc.,<br><br>Defendants. | Case No. 3:25-cv-00039-ART-CSD<br><br>**Federal Defendants' Reply in Support of Cross-Motion for Summary Judgment (ECF No. 60)** |

Pursuant to Federal Rule of Civil Procedure 56, the United States Bureau of Land Management ("BLM") and Interior Board of Land Appeals ("IBLA") (collectively, "Federal Defendants") submit this reply in support of their cross-motion for summary judgment (ECF No. 60), which argued that this Court should affirm the IBLA's dismissal of Plaintiffs' appeal to the IBLA challenging the BLM's approval of KG Mining's Juniper[1] Project — an expansion of the Bald Mountain Mine.

The question before this Court is whether the IBLA's dismissal of Plaintiffs' appeal for lack of standing under its own administratively created regulations of a BLM decision approving the Juniper Project violated the Administrative Procedure Act ("APA"). Plaintiffs have not met their burden under the deferential standard of review to show that

---

[1] Plaintiffs incorrectly name the Juniper Project the "Jupiter Project" throughout their response (ECF No. 63).

the IBLA's dismissal of their appeal was arbitrary and capricious. Instead, Plaintiffs argue, for the first time in their response, that the August 27, 2025, declaration of Laugh Leigh was properly introduced to show Article III standing. *See* ECF No. 63 at 5. Plaintiffs also argue that the declaration was "properly before this Court to review the IBLA's Order." *Id.* at 6.

Through that declaration, Plaintiffs seek to introduce extra-record evidence and contend that it is proper before this Court. On the contrary, such use of extrinsic evidence is not proper. Accordingly, Plaintiffs should not be allowed to introduce extra-record evidence to make up for their failure to establish standing before the IBLA.

Plaintiffs' motion for summary judgment should therefore be denied and summary judgment for the Federal Defendants should be granted.

The motion is supported by the accompanying points and authorities.

Respectfully submitted this 23rd day of March 2026.

TODD BLANCHE
Deputy U.S. Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

 */s/ Nicole R. Leibow*
NICOLE R. LEIBOW
Assistant United States Attorney

**MEMORANDUM AND POINTS OF AUTHORITIES**

I.    **Argument**

      **A. Introduction**

The sole issue in this case remains the narrow APA question framed by Federal Defendants' cross-motion: whether the Interior Board of Land Appeals ("IBLA") acted arbitrarily or capriciously in dismissing Plaintiffs' administrative appeal for lack of standing under 43 C.F.R. § 4.410. Plaintiffs do not challenge the merits of BLM's approval of the Juniper Project in this action. Instead, they challenge only the IBLA's standing determination.

Plaintiffs' response blurs three distinct issues: (1) whether Laura Leigh's August 27, 2025, declaration may be considered to establish Article III standing in this Court; (2) whether that same declaration may be used to review the IBLA's order under the Administrative Procedure Act ("APA"); and (3) whether the IBLA reasonably applied its own standing regulation to the materials before it. Those questions should not be put into one.

Federal Defendants have not challenged Plaintiffs' standing under Article III to bring this case. But even if the Court considers Leigh's declaration for the purpose of establishing Article III standing, Plaintiffs may rely on it only for that purpose. Plaintiffs may not use that declaration to retroactively cure the deficiencies in the record before the IBLA or to transform this case into a merits challenge to BLM's underlying project approval. On the materials before it, the IBLA reasonably concluded that Plaintiffs failed to demonstrate a legally cognizable interest substantially likely to be injured by the Juniper Project itself. The court should disregard Leigh's declaration as extrinsic evidence that was not before the IBLA when it made its decision.

Plaintiffs therefore have not shown that the IBLA's dismissal was arbitrary, capricious, or otherwise contrary to law. Plaintiffs' motion should be denied, and Federal Defendants' cross-motion should be granted.

### B. Leigh's Declaration Cannot Cure the Defect in the Record Before the IBLA

Judicial review under the APA is ordinarily limited to the administrative record before the agency. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). Plaintiffs did not submit Leigh's August 27, 2025, declaration to the IBLA. They now argue both that the declaration may be considered to establish Article III standing and that it is "properly before this Court to review the IBLA's Order." ECF No. 63 at 5–6. Those are entirely different propositions. Even assuming the declaration may be considered for Article III standing, it cannot be used to evaluate whether the IBLA acted arbitrarily on a different record than the one before it.

3

Plaintiffs fail to show that Leigh's declaration fits any recognized basis for extra-record review. Their invocation of "background" and "technical procedures" is, in substance, an effort to supplement the record with new facts about geography, cumulative impacts, and the scope of alleged injury. ECF No. 63 at 6. That is not permissible. Under the APA, the scope of a court's review of federal agencies' administrative actions is confined to the administrative record. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 709-15 (1963); *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1193–94 (9th Cir. 2000) (holding that APA review standards apply unless a statute expressly indicates a contrary intent). This is because, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *see also Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 997 n. 3 (9th Cir. 2013) ("As we have pointed out, '[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its judgment for that of the agency.'"); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014) ("Our review is limited to "the administrative record already in existence[.]'") (citation omitted).

Nor may Plaintiffs use a new declaration to do in district court what they failed to do before the Board — namely, supply the causal and geographic nexus missing from their administrative standing showing. Plaintiffs had multiple opportunities before the IBLA to establish standing, including through declarations and statements of reasons. *See* Declaration in Response to BLM Motion to Dismiss, AR_165; Declaration in Response to KG Mining Motion to Dismiss, AR_209; and Declaration in Support of Statement of Reasons, AR_22–23. The APA does not permit them to repair that deficiency now and the court should disregard any part of Leigh's declaration that attempts to do so.

/ / /

/ / /

4

**C**. **The IBLA Reasonably Applied 43 C.F.R. § 4.410 in Requiring a Site-Specific Nexus to the Juniper Project**

This case concerns IBLA standing, not the merits of BLM's underlying NEPA analysis. Under 43 C.F.R. § 4.410, an appellant must show a legally cognizable interest substantially likely to be injured by the decision on appeal. 43 C.F.R. § 4.410(d). The IBLA reasonably concluded that Plaintiffs did not satisfy that standard because they showed, at most, generalized visits to the far larger Triple B Complex, not use and enjoyment tied to the specific lands affected by the Juniper Project. The Board was entitled to require that site-specific nexus under its own regulation and precedent. *See* AR_257–259.

Plaintiffs' cumulative-impact theory does not make the IBLA's analysis arbitrary. *See* ECF No. 63 at 7-8. Plaintiffs now contend that their motion is based, "in part, on the fact that the IBLA did not properly consider the geographic scope of the Juniper Project's impact nor did the IBLA explain what area it considered relevant for purposes of its review." *Id.* at 8:14–16. As a result, Plaintiffs continue, "evidence regarding CESAs should be considered by this Court so as not to frustrate judicial review and to determine whether the IBLA considered all relevant factors and explained its decision." *Id.* at 8:16–18.

In both their opening motion and response, Plaintiffs attempt to broaden the relevant geography from the Juniper Project area to the entire Triple B Complex, and beyond that to cumulative-effect study areas. But cumulative impacts on the merits do not automatically establish administrative standing under 43 C.F.R. § 4.410. The issue before the Board was whether Plaintiffs showed a legally cognizable interest substantially likely to be injured by the appealed Juniper Project decision. The IBLA reasonably concluded they did not.

**D. Plaintiffs' Procedural Objections Do Not Show Arbitrary or Capricious Decision-Making**

Plaintiffs argue that the IBLA decided standing before the full administrative record was filed and improperly referenced EIS pages concerning project geography. But the Board did not decide standing in a vacuum. Plaintiffs themselves acknowledge that BLM and KG Mining cited the relevant DEIS and FEIS materials in their dismissal briefing and

5

directed the Board to those materials through BLM's ePlanning website. ECF No. 63 at 7 (citing AR_006, AR_008). Indeed, Plaintiffs also cited the BLM's EIS in their briefs before the IBLA. AR_159. Thus, even if the full administrative record had not yet been formally lodged with the IBLA, the project materials relevant to standing were before the Board.

Nor have Plaintiffs shown prejudice from the Board's reference to those materials. Their procedural objection is really another attempt to reframe the geographic scope of the alleged injury and convert this case into a challenge to BLM's underlying project analysis. That is not the question before this Court. The question is whether the IBLA reasonably applied its own standing regulation to the materials before it. Because the Board identified the correct standard, considered Plaintiffs' submissions, and explained why Plaintiffs failed to show a site-specific, legally cognizable interest substantially likely to be injured by the Juniper Project, its decision should be affirmed.

## II.    Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment should be denied and Federal Defendants' cross-motion for summary judgment should be granted.

Respectfully submitted this 23rd day of March 2026.

TODD BLANCHE
Deputy U.S. Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

 /s/ Nicole R. Leibow
NICOLE R. LEIBOW
Assistant United States Attorney